# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOHNNIE E. RUSSELL,<br><br>                      Plaintiff,<br>v.<br><br>RACINE SHERIFFS DEPT., SGT. COMSTOCK, COLIN POWELL, and LT. WOHLGEMUTH,<br><br>                      Defendants. | Case No. 21-CV-151-JPS<br><br>**ORDER** |

    Plaintiff Johnnie E. Russell, an inmate confined at Stanley Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his Fourth Amendment rights. (Docket #1). This order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

    The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

    On April 7, 2021, the Court ordered Plaintiff to pay an initial partial filing fee of $19.37. (Docket #6). Plaintiff paid $20.00 on April 19, 2021. The Court will grant Plaintiff's motion for leave to proceed without prepaying

the filing fee. (Docket #2). He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

Page 2 of 10
Case 2:21-cv-00151-JPS   Filed 10/06/21   Page 2 of 10   Document 11

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff is suing the Racine County Sheriff's Department ("RCSD") and three Racine Police Department ("RAPD") officers, Sgt. Comstock ("Comstock"), Colin Powell ("Powell"), and Lt. Wohlgemuth ("Wohlgemuth") for violating his Fourth Amendment rights. (Docket #1). Plaintiff alleges that on June 25, 2020, around 1:30 p.m., Powell and Wohlgemuth entered and searched his residence without a warrant. (*Id.* at 2). Additionally, Plaintiff alleges that Comstock and Wohlgemuth entered and searched his vehicle "while waiting for a judge to sign a search warrant." (*Id.*) In doing so, they damaged his car. (*Id.* at 2–3). Plaintiff states that the search warrant was signed by a judge around 5:30 p.m. on June 25, 2020. (*Id.* at 3).

In support of the complaint, Plaintiff attached two pages of the RAPD incident report regarding the June 25, 2020 search at issue. (Docket #1-2 at 2–3). The report explains that Powell and Wohlgemuth responded to an assault-in-progress call at Plaintiff's apartment complex. (*Id.* at 3). Plaintiff was the alleged suspect in an assault on another person who lived in the building. (*Id.*) According to the report, the apartment managers on-scene identified Apartment 202 as Plaintiff's apartment. (*Id.*) Powell entered the apartment, helped "clear" it, and then guarded it for "several hours" until investigators responded to the scene. (*Id.*)

The report indicates that at approximately 6:50 p.m., Comstock arrived on the scene "to assist in the service of the search warrant." (*Id.* at 2). Once he arrived on the scene, Wohlgemuth "requested [his] assistance as [Wohlgemuth] served a search warrant on the above mentioned vehicle." (*Id.*) Specifically, Wohlgemuth "needed the department issued pry bar from [Comstock's] squad car" because Wohlgemuth "could not open the trunk." (*Id.*) Comstock assisted in opening the trunk with the pry bar, which caused damage to the car. (*Id.*) Comstock "did not search the vehicle or locate anything of evidentiary value." (*Id.*)

### 2.3   Analysis

Plaintiff's allegations invoke his Fourth Amendment rights. The Fourth Amendment protects individuals from unreasonable searches. U.S. Const. amen. IV. "The reasonableness of a search is determined 'by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.'" *United States v. Knights*, 534 U.S. 112, 118–19 (2001) (quoting *Wyoming v. Houghton*, 526 U.S. 295, 300 (1999)). This typically requires the government agent to have probable cause to conduct a search, which demands a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). A search warrant must be supported by probable cause; thus, warrantless searches that are conducted without consent "are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnotes omitted).

Plaintiff alleges that officers arrived on-scene to respond to an assault-in-progress call at around 1:30 p.m., but that the search warrant for his car was not signed until 5:30 p.m. During this time, Plaintiff alleges, Wohlgemuth and Comstock unlawfully searched his car. The incident report is consistent with this—it explains that Powell and Wohlgemuth arrived on-scene at an unspecified time, then stayed on scene for "several hours" while waiting for investigators. (Docket #1-2 at 3). When Comstock arrived on scene, Wohlgemuth asked him for his pry bar—which suggests that Wohlgemuth may have tried to open the trunk prior to his arrival. Plaintiff has sufficiently stated a claim that Wohlgemuth searched his car without a warrant.

As far as Comstock's activity is concerned, the allegations in the complaint are somewhat at odds with the police report. Plaintiff alleges that Comstock had neither consent nor a warrant "to enter the car or damage it." (Docket #1 at 3). By contrast, Comstock's police report states that he arrived on scene with the warrant and did not participate in the car search. (Docket #1-2 at 2). Federal Rule of Civil Procedure 10(c) explains that "a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." This rule does not, however, mean that courts should give unquestioned credence to exhibits over allegations. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 455 (7th Cir. 1998). "Rather than accepting every word in a unilateral writing by a defendant and attached by a plaintiff to a complaint as true, it is necessary to consider why a plaintiff attached the documents, who authored the documents, and the reliability of the documents." *Id.*

In this case, Plaintiff likely attached the report to prove that the car search occurred; it does not necessarily follow that Plaintiff sought to

"establish the truth of the[] unilateral statements" contained therein. *Id*. at 455. Additionally, unlike a contract dispute, the police reports in this case do not serve as the basis for Plaintiff's claim—Plaintiff does not "focus[] on the content" of the reports such that it would be appropriate for the Court to refer to them to resolve any issues raised in the complaint. *Id.* at 456. Finally, unlike a negotiated instrument, the report in question was exclusively written by one of the defendants, and the statements in the report are not inherently reliable. Indeed, a statement written by a defendant "may contain self-serving statements" that would be "unwise to accept . . . at this early point in the litigation." *Id.* At this juncture, considering both the allegations raised in the complaint together with the exhibits attached to the complaint, the Court finds that Plaintiff has sufficiently stated a claim that Comstock violated his Fourth Amendment rights by participating in an unlawful car search. Whether this claim will bear out in evidence is a question for another time.

The Court now turns to Plaintiff's allegations regarding the propriety of the search of his home.[1] Powell and Wohlgemuth arrived at

---

[1] Plaintiff was convicted by a jury on January 27, 2021, of Second-Degree Reckless Injury and Aggravated Battery for his actions on June 25, 2020. *See State of Wisconsin v. Johnnie E. Russell*, 2020CF000706 (Racine Cnty. Cir. Ct.) *available at* https://wcca.wicourts.gov (last visited Sept. 30, 2021). He is currently appealing that conviction. (*Id.*) It is not clear that the allegedly unconstitutional searches in this case gave rise to that conviction, so the Court will allow this claim to proceed.

A Section 1983 claim need be barred only if it necessarily implies the invalidity of a criminal conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If a plaintiff's success on a claim would *not* undermine his conviction, then a Section 1983 suit may proceed. *See Easterling v. Moeller*, 334 F. App'x 22, 23–24 (7th Cir. 2009). The latter scenario typically arises in Fourth Amendment claims for unlawful arrest or excessive use of force because these actions can be separated from the validity of an ultimate conviction. *Gilbert v. Cook*, 512 F.3d 899, 902 (7th Cir. 2008). In this case, it appears that the allegedly unconstitutional searches were

Plaintiff's apartment complex in response to an assault-in-progress call. Powell entered the apartment and helped "clear" it, then guarded it for several hours. Plaintiff alleges that Powell and Wohlgemuth did not have a warrant to enter and search Plaintiff's apartment but did so anyway. Plaintiff has adequately stated a claim that Powell and Wohlgemuth violated his Fourth Amendment rights when they searched his apartment.

Lastly, Plaintiff names RCSD as a Defendant. Generally, only individuals who are personally involved with the constitutional violation can be sued under Section 1983. *Minix v. Canarecci*, 597 F.3d 824, 833–34 (7th Cir. 2010). However, in some circumstances, plaintiffs can sue municipalities for constitutional violations under § 1983. These are called *Monell* claims. Under *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 690 (1978), municipalities and other local governments are liable for an employee's conduct only if the employee injured the plaintiff in execution of an official policy, custom, or widespread practice. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992); *Petty v. City of Chicago,* 754 F.3d 416, 424 (7th Cir. 2014). The "official policy or practice" requirement serves to "distinguish acts of the municipality from acts of [its] employees . . . and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (internal quotations and citations omitted).

As a threshold matter, Plaintiff has not alleged that any RCSD employee violated his constitutional rights—rather, Plaintiff's allegations

---

incidental to his assault convictions; therefore, they would not necessarily imply those convictions' invalidity.

address conduct by RAPD officers. Additionally, Plaintiff has not alleged any facts regarding RCSD's policies or customs, such that liability for constitutional violations might attach. *See Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002) (citing *Monell*, 436 U.S. at 691–94). Therefore, the claims against RCSD will be dismissed.

### 3. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Unreasonable search of Plaintiff's apartment, in violation of the Fourth Amendment, by Defendants Powell and Wohlgemuth on June 25, 2020; and

**Claim Two:** Unreasonable search of Plaintiff's car, in violation of the Fourth Amendment, by Defendants Wohlgemuth and Comstock on June 25, 2020.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Racine Sheriffs Department be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this order upon Defendants Sgt. Comstock, Colin Powell, and Lt. Wohlgemuth pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for

Page 8 of 10

Case 2:21-cv-00151-JPS    Filed 10/06/21    Page 8 of 10    Document 11

waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants Sgt. Comstock, Colin Powell, and Lt. Wohlgemuth shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $330.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order; and

Page 9 of 10
Case 2:21-cv-00151-JPS    Filed 10/06/21    Page 9 of 10    Document 11

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 6th day of October, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[2]The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.